IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

21st MORTGAGE CORPORATION,

                Appellant,

v.

DAVID LESTER WARFEL, JR. and
JEANNE MARIE WARFEL,

                Appellees.

OPINION and ORDER

22-cv-88-jdp

---

      This Chapter 13 bankruptcy appeal arises from an adversary proceeding in which debtors Jeanne and David Warfel sought to avoid a mortgage lien under 11 U.S.C. § 544(b)(1) because the lien wasn't perfected. The bankruptcy court agreed with the Warfels and held that the lien would be avoided, leaving the lienholder, 21st Mortgage Corporation, in the position of an unsecured creditor.

      21st Mortgage raises three issues on appeal: (1) the Warfels don't have the right to file an adversary proceeding under § 544; (2) 21st Mortgage properly perfected the lien; and (3) even if the lien wasn't perfected, § 544 doesn't authorize avoidance of an unperfected lien. The court agrees with the first contention, so it isn't necessary to consider the others. The plain language of § 544 allows only trustees to avoid an obligation. The Warfels' arguments based on precedent and legislative history are unpersuasive, and their reliance on policy considerations can't override the unambiguous text of the statute.

## BACKGROUND

      In May 2019, Jeanne Warfel obtained a note in the amount of $129,703 from 21st Mortgage to fund her purchase of a manufactured home, and she granted 21st Mortgage a

security interest in the home. Dkt. 3-7, at 6–7. In June 2020, the Warfels filed a Chapter 13 bankruptcy petition *Id.* at 4. 21st Mortgage filed a claim, contending that it held a perfected security interest in the form of a lien in the manufactured home, making it a secured creditor. *Id.* at 4. The Warfels brought an adversary proceeding in the bankruptcy court, seeking to avoid 21st Mortgage's lien. *Id.* at 9–10. They argued that the manufactured home was a fixture, not personal property, so 21st Mortgage was required to record a mortgage or UCC fixture filing in order to perfect its lien, which it neglected to do. *Id.* The bankruptcy court agreed and entered judgment in the Warfels' favor. *Id.* at 46.

ANALYSIS

The court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a)(1) because the bankruptcy court issued a final order in the adversary proceeding. *See Fifth Third Bank v. Edgar Cnty. Bank & Trust*, 482 F.3d 904, 905 (7th Cir. 2007) ("A final resolution of any adversary proceeding is appealable, as it is equivalent to a stand-alone lawsuit."). 21st Century raises only legal issues, which this court reviews de novo. *Adams v. Adams*, 738 F.3d 861, 864 (7th Cir. 2013).

The dispositive issue is whether debtors have the right to bring an adversary proceeding under § 544(b)(1).[1] Neither the Supreme Court nor the Court of Appeals for the Seventh Circuit have directly addressed that question, so the court must conduct its own analysis. As

---

[1] The parties frame the issue as whether the Warfels have "standing." But that term is generally reserved for the question whether one litigant's conduct harms another litigant for the purpose of creating justiciable controversy under Article III of the Constitution. *See In re C.P. Hall Co.*, 750 F.3d 659, 660–61 (7th Cir. 2014). No one disputes that the Warfels may suffer an injury if they cannot avoid 21st Mortgage's lien. The question in this case is whether § 544(b)(1) gives the Warfels a right to sue, which is distinct from standing. *See id.*

always, that analysis begins with the text. *United States v. Ron Pair Enters.*, 489 U.S. 235, 241 (1989). Section 544(b)(1) states that "the trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title." The text of § 544(b)(1) is unambiguous: avoidance rights belong to the trustee. No other party is identified in the statute as having the right to invoke § 544.

Statutory provisions must be read in context, *see Shlahtichman v. 1-800 Contacts, Inc.*, 615 F.3d 794, 800–01 (7th Cir. 2010), but the Warfels point to nothing in the bankruptcy code that would support an interpretation of § 544 that grants avoidance rights to a Chapter 13 debtor. Rather, other provisions in the code support the opposite conclusion. For example, 11 U.S.C. § 1107(a) gives debtors in a *Chapter 11* proceeding many of the same powers as the trustee. But Chapter 13 doesn't include a similar provision. It does include a provision that gives debtors certain powers "exclusive of the trustee," but avoidance powers are not among them. 11 U.S.C. § 1303. Also instructive is 11 U.S.C. § 522(h), which *does* grant avoidance powers to the debtor when a trustee fails to act, but only for specific types of exempted property that don't include the lien at issue in this case. These provisions show that Congress says so explicitly when it intends to grant a power to debtors. *See Dean v. United States*, 556 U.S. 568, 573 (2009) ("[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.").

*Hartford Underwriters Insurance Co. v. Union Planters Bank, N.A.*, 530 U.S. 1 (2000), supports a conclusion that avoidance rights under § 544(b)(1) belong to the trustee and only

3

the trustee. *Hartford* involved the interpretation of 11 U.S.C. § 506(c), a bankruptcy provision that gives "[t]he trustee" the right to recover certain expenses against secured creditors. An insurance company attempted to invoke § 506(c) to recover unpaid premiums, arguing that § 506 didn't expressly exclude parties other than trustees. The Court rejected this argument as "contrary to common sense and common usage," and it concluded that the "the trustee is the only party empowered to invoke the provision" because the "statute authorizes specific action and designates a particular party empowered to take it." *Id.* at 6–7. The Court also observed that other provisions in the bankruptcy code applied more broadly to any "party in interest" or even to any "entity," which supported a conclusion that Congress did not intend the more narrowly written § 506(c) to be construed to encompass other parties. *Id.* at 7. This reasoning applies equally to § 544(b)(1).

The Warfels say that *Hartford* is distinguishable because it involved a proceeding under Chapter 7 rather than Chapter 13 and the party invoking § 506(c) was a creditor rather than a debtor. But neither of these distinctions were relevant to *Hartford*'s reasoning. The Court relied on the text and structure of § 506(c), not on the type of bankruptcy petition at issue or the party's status as a creditor. So these arguments aren't persuasive.

The Warfels also say that the court of appeals "already resolved this controversy" in *Cable v. Ivy Tech State College*, 200 F.3d 467 (7th Cir. 1999), *see* Dkt. 6, at 11, but that case doesn't support the Warfels' position.[2] The question in *Cable* was whether debtors in a Chapter 13 bankruptcy proceeding may bring a discrimination claim in an adversary proceeding on behalf of the estate. In concluding that they could, the court relied on § 1306(b) and

---

[2] *Cable* was overruled on unrelated grounds in *Hill v. Tangherlini*, 724 F.3d 965 (7th Cir. 2013).

§ 541(a)(1), which grant to the debtor possession of the estate's property, including legal claims. *Cable*, 200 F.3d at 472. The Warfels point to no comparable provisions in this case that would support a conclusion that debtors have avoidance rights under § 544. Moreover, *Cable* distinguished § 548, which, like § 544(b)(1), states that "[t]he trustee may avoid" certain transfers. The court observed that § 548 "unequivocally limits the avoidance power to the trustee." *Cable*, 200 F.3d at 474. So *Cable* supports 21st Mortgage, not the Warfels.

Finally, the Warfels rely on three decisions from bankruptcy courts in Illinois, Connecticut, and Texas. *Matter of Ottaviano*, 68 B.R. 238, 240 (Bkrtcy. D. Conn. 1986); *Matter of Einoder*, 55 B.R. 319, 322 (Bkrtcy. N.D. Ill.1985); *In re Boyette*, 33 B.R. 10, 11 (Bkrtcy. N.D. Tex. 1983). The bankruptcy court in this case relied on these as well.

All of the above cases predate *Hartford*. Since that case, "[t]he majority of courts have concluded that a Chapter 13 debtor does not have standing to utilize the avoidance powers." *In re Dobbs*, 597 B.R. 74, 80 (Bkrtcy. E.D.N.Y. 2019) (collecting cases). These cases include *In re Crawley*, 318 B.R. 512, 515 (Bkrtcy. W.D. Wis. 2004), in which the court concluded that "the debtors are not trustees nor have they been given the powers of a trustee under § 544." *See also* Robert E. Ginsberg, Robert D. Martin & Catherine J. Furay, *Ginsberg and Martin on Bankruptcy* § 15.03[D] ("Based on *Hartford Underwriters* and the language of the Bankruptcy Code, many courts deny a Chapter 13 debtor the right to prosecute avoidance claims, except in aid of their exemptions rights under § 522.").

In any event, the reasoning of the cases cited by the Warfels isn't persuasive. The courts in the earlier cases gave three reasons for allowing debtors in a Chapter 13 bankruptcy proceeding to avoid a transfer: (1) a debtor is not "specifically barred" from bringing an

5

avoidance claim; (2) the legislative history of § 1303 supports giving debtors rights under § 544; and (3) a Chapter 13 debtor is "the most appropriate" party to seek relief under § 544.

As already discussed, *Hartford* expressly rejected the argument that it is reasonable to infer that other parties have avoidance powers simply because the statute doesn't expressly bar those parties from bringing an avoidance claim. 530 U.S. at 6. So the first reason cited above is precluded by *Hartford*.

As for § 1303's legislative history, the courts cite a statement from the Congressional Record that the grant of exclusive authority to debtors in some situations "does not imply that the debtor does not also possess other powers concurrently with the trustee." *Ottaviano*, 68 B.R. at 240 (citing 124 Cong. Rec. H. 11,106 (9/28/78); S. 17,423 (10/6/78)). Legislative history can't trump unambiguous statutory text. *Holder v. Hall*, 512 U.S. 874, 932 n.28 (1994). But even if it could, the cited statement merely observes what is already obvious: the grant of exclusive authority on one matter doesn't necessarily preclude the exercise of concurrent authority on another matter. That principle of logic provides no support for a view that concurrent authority is implied when the plain language of the statute grants exclusive authority to one party. *See also Matter of Driscoll*, 57 B.R. 322, 325 (Bkrtcy. W.D. Wis. 1986) ("Th[e] legislative history [of § 1303] does not authorize concurrent debtor access to the lien avoidance powers specifically granted to the trustee in Chapter 5 of the Code."). An example of concurrent authority is § 522(h), which gives authority to a debtor to avoid a transfer under limited circumstances involving certain kinds of exempt property.

As for the third reason—that the debtor is "the most appropriate party" to bring an avoidance action in a Chapter 13 proceeding—*Einoder* explained as follows:

> [I]n Chapter 13 cases the trustee rarely, if ever, pursues [avoidance] actions because the trustee reaps little benefit for the

6

> amount of time and effort involved. The trustee would have to hire an attorney and litigate the action. Should the trustee succeed, any recovery becomes property of the estate and goes to the debtor.

55 B.R. at 322. This reasoning doesn't provide a basis for construing § 544(b)(1) as granting avoidance powers to debtors, for three reasons.

First, "the avoidance powers are not designed to protect the debtor." *In re Hansen*, 332 B.R. 8, 13 (10th Cir. BAP 2005). As the Warfels acknowledge, those powers are "for the benefit of the general bankruptcy creditors." Dkt. 6, at 9; *see also In re Johnson*, 28 B.R. 292, 297 (Bkrtcy. N.D. Ill. 1983) (purpose of § 544 is to "recover[] property for the estate for the eventual benefit of all creditors"). This undermines an argument that the solution to potential underenforcement of § 544(b)(1) by the trustee is to extend rights to debtors, who are not the intended beneficiaries of the statute.

Second, even if the debtor does have an interest in enforcing § 544(b)(1), there are other ways of protecting this interest without rewriting the statute. For example, one leading treatise suggested that the debtor may name the trustee as a plaintiff to comply with § 544. *Ginsberg and Martin on Bankruptcy*, supra, at § 15.03[D].

Another possibility is a doctrine that courts have called "derivative standing," under which a bankruptcy court may allow a party to pursue a claim on the trustee's behalf. *See Matter of Perkins*, 902 F.2d 1254, 1258 (7th Cir. 1990). *Hartford* left open the question "whether a bankruptcy court can allow other interested parties to act in the trustee's stead in pursuing recovery under § 506(c)." 530 U.S. at 13 n.5. It was unnecessary to consider that issue in *Hartford* because the "petitioner did not ask the trustee to pursue payment under § 506(c) and did not seek permission from the Bankruptcy Court to take such action in the trustee's stead. Petitioner asserted an independent right to use § 506(c), which is what we reject today." *Id.*

The Warfels refer to derivative standing in a footnote, Dkt. 6, at 12 n.2, but they cite no Seventh Circuit cases that have applied it to a debtor who wants to assert avoidance rights under § 544(b)(1). Even if the theory could apply to § 544(b)(1), the same reasoning as in *Hartford* applies here. The bankruptcy court did not rely on "derivative standing," and the Warfels point to nothing in the record showing that they asked the bankruptcy court to apply the doctrine. Even now, the Warfels do not contend that they meet the requirements for suing on the trustee's behalf. *See Perkins*, 902 F.2d at 1258 (enumerating requirements for derivative standing). So the Warfels forfeited this issue.

Third, and most important, courts may not rely on policy concerns to override the plain language of the statute. The Supreme Court made this point clear in *Hartford* when rejecting a similar policy argument:

> [W]e do not sit to assess the relative merits of different approaches to various bankruptcy problems. It suffices that the natural reading of the text produces the result we announce. Achieving a better policy outcome—if what petitioner urges is that—is a task for Congress, not the courts.

*Id.*

In sum, § 544 is unambiguous: only trustees have the right to bring an avoidance action under that section. The Warfels point to nothing in the bankruptcy code or the legislative history that undermines the natural reading of the statute, so the court concludes that the Warfels did not have the right to assert a claim under § 544(b)(1).

ORDER

IT IS ORDERED that the final decision of the United States Bankruptcy Court for the Western District of Wisconsin avoiding the lien of appellant 21st Mortgage Corporation is REVERSED. This case is REMANDED for further proceedings consistent with this opinion.

Entered December 14, 2022.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge